UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEHAVEN LAPRIEST HOGG,

    *Petitioner*      CRIM. CASE NO: 11-cr-20220
                                    CIV. CASE NO.: 1:14-cv-11825

*v.*                         DISTRICT JUDGE THOMAS L. LUDINGTON
                                    MAGISTRATE JUDGE PATRICIA T. MORRIS

UNITED STATES OF AMERICA,

    *Respondent.*
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 42)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

**II.    REPORT**

    **A.    Introduction**

Petitioner DeHaven LaPriest Hogg's 28 U.S.C. § 2255 motion to vacate his prison sentence (Mot. to Vacate, Doc. 42), is before the Court under an order of reference from United States District Judge Thomas L. Ludington. Petitioner was charged with four counts of selling cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1). (Indictment, Doc. 1 at 1-2.) The charges stemmed from four sales of crack cocaine, totaling 4.99 grams, to a confidential informant in August and September of 2010. (Trial Tr., Doc. at 26, 31, 85-86.); *United States v. Hogg*, 525 F. App'x 327, 328 (6th Cir. 2013). After a jury trial, held in December 2011, Petitioner was found guilty of all four counts. (Verdict Form, Doc. 21 at 1.)

Petitioner's base offense level under the Sentencing Guidelines was sixteen. *Hogg*, 525 F. App'x at 328. The level was raised to thirty-four because he was a "career offender," *id.*: he was at least eighteen when he committed the offenses in 2010; the present convictions were for controlled substance violations; and he had at least two prior felonies involving controlled substances. (Penalty Enhance. Notice, Doc. 10 at 1). U.S. Sentencing Guidelines Manual § 4B1.1 (2011). The Guidelines range was 262 to 327 months. *Hogg*, 525 F. App'x at 328. The Court sentenced him to prison "for a total term of: 262 months on each count to run concurrent and the federal sentence . . . [to] run consecutive to defendant's state court sentence." (Sentencing Judgment, Doc. 33 at 3.)

Mr. Hogg appealed, with new counsel, arguing that the career offender Guidelines were unconstitutional and the sentence was procedurally and substantively unreasonable. Brief for Defendant-Appellant at 7, *Hogg*, 525 F. App'x 327 (No. 12-1693). The first argument attacked the Guidelines for lacking empirical grounding. *Id.* at 11. The second, more relevant contention, sprung from the first: the sentence was procedurally unreasonable "because [the] unconstitutional enhancement [Guideline] was included in [the] guidelines computation," and therefore "Mr. Hogg's sentencing guidelines were not properly calculated." *Id.* at 12-13. Mr. Hogg also contends that the sentence was substantively unreasonable because the Court gave the career offender Guidelines "an impermissible amount of weight." *Id.* at 13.

On May 2, 2013, the Sixth Circuit rejected both arguments, noting that "[n]ever has any court held that the Sentencing Commission must base amendments to the Guidelines on empirical data." *Hogg*, 525 F. App'x at 329. The Sixth Circuit further found that the sentence was procedurally reasonable because the district court considered the proper factors; it was substantively reasonable because it was not "arbitrary or greater than necessary to comply with the

2

purposes of Section 3553(a)(2)." *Id.* at 329-30. Mr. Hogg did not apply for a writ of certiorari. (Doc. 42 at 2.)

Mr. Hogg now argues that his trial and appellate counsel were ineffective, for a host of reasons, therefore meriting 28 U.S.C. § 2255 relief. (Doc. 42.) His arguments are best organized sequentially. First, his trial counsel was ineffective at and before trial because counsel (1) did not tell him the government filed a notice regarding the enhanced penalties; (2) failed to adequately prepare for trial, depriving Mr. Hogg of potential defenses; (3) failed to object to the lack of a Federal Rule of Evidence 404(b) notice; (4) failed to challenge the prosecutor's removal of jurors at voir dire; (5) "failed to file a motion for a new trial in light of the improper jury instructions provided to the trial jury"; (6) committed errors during trial; (7) "failed to renew his motion for judgment of acquittal on the grounds of insufficiency of the evidence." (*Id.* at 13-17, 557.)

The counsel was ineffective at sentencing because he (1) failed to investigate mitigating evidence; (2) failed to object to criminal history points; (3) failed to object to "the old 100-to-1 crack cocaine law"; (4) used arguments that increased his sentence; and (5) failed to challenge the career offender enhancement. (*Id.*) Mr. Hogg contends that his appellate counsel was ineffective because he did not file a "perfective [sic] brief" or challenge the career offender classification. (*Id.* at 15, 17.) Petitioner also claims prosecutorial misconduct because the prosecutor "convey[ed] an impression to the jury that they should simply trust the state's judgment." (*Id.* at 16.) He suggests the Court erred by not requiring the government to prove he sold five grams. (*Id.* at 16-17.) Presumably, he believes this affected the mandatory minimum sentence under 21 U.S.C. § 841(b)(1). (Gov't Response, Doc. 51 at 16.) Finally, in a related argument, he claims that the indictment was defective under *United States v. Alleyne*, 133 S. Ct. 2151 (2013) because it did not allege, and the jury never found, the quantity of crack cocaine he sold. (Doc. 42 at 22, 30-31.)

3

For the reasons described below, I recommend denying Petitioner's motion.

**B.     Standard of Review**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims previously brought and denied on appeal are generally not available to petitioners on collateral attack absent "exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

This rule works to prevent claimants from using collateral attacks to repackage arguments lost on appeal as ineffective assistance of counsel claims. Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110

4

(6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010). These claims, however, are not waived by failing to bring them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense–not what bears a false label of 'strategy'–based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In

5

*Lockhart v. Fretwell*, the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

506 U.S. 364, 369 (1993)(citations omitted).

### C. Analysis and Conclusions

Here, Mr. Hogg's first claim–that trial counsel did not inform him of the government's enhanced penalty notice, (Doc. 10)–lacks merit. As the Government points out, Mr. Hogg does not describe how this prejudiced his case. (Doc. 51 at 7.) Presumably, he implies that his lack of notice stymied his efforts to mount a defense. But he had ample opportunity to dispute the career offender designation before sentencing and on appeal; and he and his counsel did in fact lodge arguments at each level. (Sentencing Brief, Doc. 29); Brief for Defendant-Appellant, 525 F. App'x 327.

In any case, when he acknowledged the indictment on June 2, 2011, he signed a form warning him that "[p]enalties may be enhanced if the defendant has been previously convicted of a felony drug offense." (Acknowledgment, Doc. 6 at 1.) The form likewise informed him that he could be imprisoned for a maximum of thirty-years, (*Id.*), which accurately reflected the term he faced at sentencing. (Sentencing Hearing Tr., Doc. 38 at 3.) The enhanced penalty notice, which came just over two weeks later, added little substance to the Acknowledgment, merely noting Mr. Hogg's two prior felonies and stating that upon conviction "the defendant will be subject to enhanced penalty provisions in the federal criminal code." (Doc. 10 at 1.) The claimed error, then, was not prejudicial.

Mr. Hogg's next argument is similarly unavailing. Counsel allegedly botched his trial preparation: Counsel did not gather evidence through discovery, interview witnesses, "investigate evidence which demonstrated [Mr. Hogg's] factual innocence," or "file any motion in the defendant's defense . . . ." (Doc. 42 at 13-17.) This neglectful performance, Mr. Hogg continues, "deprived Movant of [a] potential defense," though he never specifies what that defense might be. (*Id.* at 16.) Petitioner's argument fails based, in part, on the very proof he submits to support it. Attached to his motion is a letter from his trial counsel to the prosecutor requesting various discovery materials. (Doc. 42 at 54.) The record includes other discovery requests, confirming counsel's diligence. (Docs. 13, 14.) Additionally, Mr. Hogg does not point to evidence counsel overlooked, or winning arguments he disregarded. Counsel's pretrial performance was therefore neither deficient nor prejudicial.

The rest of Mr. Hogg's claims concerning trial and pretrial errors are either factually inaccurate or fatally underdeveloped. He states that the prosecution failed to give pretrial notice under Federal Rule of Evidence 404(b), and his counselor failed to object to this error. (Doc. 42 at 557.) Mr. Hogg is mistaken. His counsel filed a request for Federal Rule of Evidence 404(b) notice on October 17, 2011, (Request, Doc. 13), the Government provided the notice on November 28, 2011, (Notice, Doc. 16), and counsel objected to it on December 2, 2011. (Objection, Doc. 17.) Petitioner also faults his counsel for not making a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986). (Doc. 40-41.) Yet, he fails to do more than cite caselaw on the subject; as the Government observes, he "provides no record citations, explanation, or context to say how [*Batson* and related cases] apply to his case." (Doc. 51 at 9.)

His next argument cites law but similarly fails to show how it applies. (Doc. 42 at 15, 41-42.) The entire argument flatly asserts "[t]rial counsel failed to file a motion for a new trial in light

7

of the improper jury instructions provided to the trial jury in . . . violation of the rules of evidence under rule 402 and the due process clause of the fourteenth Amendment of the U.S. Const." (*Id.* at 15 (ellipses in original).) How the instructions were improper, he fails to explain. At trial, the Court instructed the jury on the appropriate "reasonable doubt" burden carried by the Government. (Jury Instructions Tr., Doc. 39 at 6-7.)

Likewise, he claims, without support, that counsel never asked police officers if they read him his *Miranda* rights. (Doc. 42 at 13.) Yet he never states they did not, and in any case he loses the thread in the body of his argument by making no attempt to support the contention with facts. He also mentions a "fundamental defect" that counsel left unremedied, but does not say what the defect was. (*Id.* at 16.) Continuing, he lambasts counsel for failing "to present documentation which would have rebutted the government's federal charge . . . which carries under 5 grams of a control substance." (*Id.* at 39.) Assuming this statement, his only one regarding such "documentation," refers to the laboratory reports he attached to the motion, he is again mistaken: the Government introduced those as exhibits at trial. (Doc. 51 at 11 & n.1.)

Mr. Hogg's sentencing error arguments fare no better. First, he believes counsel ignored mitigating evidence, (Doc. 42 at 13-17), but Mr. Hogg never offers that evidence himself, nor does he suggest what it might be. And as the Government notes, "[w]hen [Mr.] Hogg spoke at his sentencing, he offered the same mitigation argument that his attorney did . . . ." (Doc. 51 at 12; *see also* Doc. 38 at 5-6, 8, 17.) Second, "[c]ounsel failed to effectively challenge his clients['] career offender designation . . . ." (Doc. 42 at 13.) But he does not assert that his prior convictions somehow elude the designation. In this case, counsel did all he could: he strenuously argued that the court should vary the sentence below the guidelines because of the limited quantities involved. (Docs. 29; 38.) Mr. Hogg echoed this argument in his remarks at sentencing. (Doc. 38 at 17-18.)

And on appeal, he similarly declined to argue against the accuracy of the classification, instead asserting it was unconstitutional. *Hogg*, 525 F. App'x at 329. Third, Mr. Hogg asserts Counsel did not object to his criminal history calculation, (Doc. 42 at 16); he declines, again, to accompany the accusation with evidence or analysis, such as which convictions merited objection.

He next accuses counsel of "press[ing a] grouping argument" that increased his sentence. (*Id.* at 14.) The source of this argument is unclear. He was sentenced at the bottom of the guidelines and counsel could only seek a variance below this–and at the hearing, counsel admitted to becoming "a little emotional" in his intense effort to do just that. (Doc. 38 at 11.) His final, larger, argument is simply wrong: he claims counsel erroneously allowed the Court to sentence him under the outdated "100-to-1 crack cocaine law" instead of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. (Doc. 42 at 25.) Mr. Hogg was sentenced under the new 2011 guidelines. (Doc. 51 at 12 (citing Presentence Report ¶ 15).).His confusion on the timing notwithstanding, his argument is irrelevant to his sentence because the guideline range was dictated by his career offender status, not the drug quantities. *Hogg*, 525 F. App'x at 328.

According to Mr. Hogg, his appellate counsel was ineffective because counsel did not challenge the career offender designation and refused to file a "perfective [sic] brief when requested." (Doc. 42 at 15, 17.) The first argument is meritless for the reasons stated above. In short, appellate counsel did not err by declining to make the argument–the Sixth Circuit noted, as a fact, that "Hogg qualifies as a career offender . . . ." *Hogg*, 525 F. App'x at 328. The second claim likely refers to perfecting Mr. Hogg's appeal, which occurred by the counsel's timely filings. *See id.* He offers no evidence that he requested counsel to file other briefs, and instead provides counsel's thorough letter to him discussing the case. There was thus no error or prejudice.

9

His allegations of prosecutorial and judicial misconduct are similarly undeveloped. The first contention seems to relate to the Government's failure to prove the drug quantity. (Doc. 42 at 16 ("Prosecutor's convey an impression to the jury that they should simply trust the state's judgment. The prosecutor's knowledge of 5 grams coupled with the language and circumstances surrounding the discover and due-process claim . . . .").) The judicial misconduct claim is also difficult to interpret, but appears to regard the same facts. (*Id.* ("The prosecutorial misconduct, couple[d] with its prejudicial effect, constitute[s] the 'extraordinary circumstances' under which the court engaged in misconduct when the prosecutor's were coupled with a more detailed knowledge analysis of the evidence of 5 grams or more which was actually adduced at trial.").)

I recommend treating these claims as waived because he cannot make the threshold showing needed to resuscitate them: petitioners waive claims they failed to litigate on appeal unless "the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)). His focus on the drug quantity misunderstands his actual sentencing, which did not involve a mandatory minimum penalty under 21 U.S.C. § 841(b)(1)(B). Even if he could show a fundamental defect, he has not described how he was prejudiced or that the prejudice rendered "a complete miscarriage of justice."

The misplaced focus on drug quantities spills into his argument involving *Alleyne*. He states that the indictment and subsequent conviction were defective because the charges did not include, and the jury never found, that he sold 4.99 grams of crack cocaine. (Doc. 42 at 22, 26-31, 33.) The argument appears to operate under a mistaken interpretation of *Alleyne*: because certain quantities entail mandatory minimum sentences, 21 U.S.C. § 841(b)(1)(B) (twenty-eight grams of cocaine base), the quantity is always an element of the crime and the Government must include the number

10

in the indictment and the jury must find it at trial. *Alleyne* actually held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne*, 133 S.Ct. at 2155. Not all quantities increase that minimum.

Mr. Hogg was not given a mandatory minimum sentence based on quantity–his 4.99 gram sale was below the twenty-eight grams needed to trigger section 841(b)(1)(B)'s mandatory minimum. Instead, as explained, he was sentenced as a career offender because he had two or more prior felonies involving controlled substances. The Court sentenced at the lowest guideline level, though it did not vary below that level, and the Sixth Circuit upheld this decision. *See* U.S. Sentencing Guidelines Manual § 4B1.1. In other words, the quantity was not a fact that increased a mandatory minimum.

Even if the holding in *Alleyne* conceivably covered the facts here, it would not apply as it is not retroactive. *In re Mazzio*, 756 F.3d 487, slip op. at *6 (6th Cir. 2014). The Sixth Circuit has explained, "it is not a substantive rule and it also does not meet the high standard for new rules of criminal procedure." *Id.* at *5-6. *See also Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Consequently, it does not aid Mr. Hogg's case.

### D. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348

F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Mr. Hogg is not entitled to a hearing on the allegations raised in his motion.

### E. Conclusion

I recommend that the Court deny Mr. Hogg's motion because he fails to show either a defect or prejudice supporting his ineffective assistance of counsel argument, and his *Alleyne* argument is similarly unworkable.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See*

*also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 9, 2014              /s Patricia T. Morris
                                     Patricia T. Morris
                                     United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Notice was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record. A hard copy was served by first class mail on Dehaven Lapriest Hogg, 45889039, FCI Big Spring, 1900 Simler Ave, Big Spring, TX 79720.

Date: September 9, 2014     By      s/*Jean L. Broucek*
                                     Case Manager to Magistrate Judge Morris