UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case No. 11-cr-20220

v                                          Honorable Thomas L. Ludington

DEHAVEN LAPRIEST HOGG,

        Defendants.

_____/

### ORDER DENYING PETITIONER'S "OBJECTION" AS A MOTION FOR RECONSIDERATION AND DENYING PETITIONER'S MOTION FOR RECONSIDERATION

On December 12, 2011, a jury convicted Dehaven Lapriest Hogg on four counts of knowingly distributing cocaine base, 21 U.S.C. § 841(a)(1). Jury Verdict, ECF No. 21. Hogg was subsequently sentenced to a term of 262 months' imprisonment. J. 2, ECF No. 33.

After the Sixth Circuit denied his direct appeal, Hogg filed a motion to vacate his sentence under 28 U.S.C. § 2255 on May 5, 2014. Mot. Vacate, ECF No. 42. On September 9, 2014, Magistrate Judge Patricia T. Morris filed a report recommending that Hogg's motion to vacate be denied. Rep. & Rec. 12, ECF No. 53. Judge Morris concluded that all of Hogg's claims—which mainly asserted that he had received ineffective assistance from trial and appellate counsel—were either meritless or waived.

Judge Morris also noted that any objections to the report and recommendation had to be filed within 14 days, and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." Rep. & Rec. 13. Moreover, any objections must be clearly labeled, enumerated, and must indicate precisely the provision of the Report and Recommendation to

which it pertains. *Id*. Because Hogg did not file any objections to the report and recommendation within the fourteen days, the Court adopted the report and denied Hogg's motion to vacate. Order 2, ECF No. 54.

On October 6, 2014—27 days after the report and recommendation was filed—Hogg filed a document called "Objection to Judgment".[1] Obj., ECF No. 56. In the document, Hogg reasserts his claims that he received ineffective assistance of counsel in a myriad of ways. To the extent that this document is an objection to the Magistrate Judge's report and recommendation, it would be overruled as untimely.

Because Hogg is proceeding pro se, however, Hogg's "Objection" will be construed as a timely-filed motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h). On a motion for reconsideration, the movant must demonstrate that the court and the parties were misled by a "palpable defect." E.D. Mich. 7.1(h)(3). A "palpable defect" is a defect that is obvious, clear, unmistakeable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The movant must also show a palpable defect which, if corrected, would result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier. *Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Here, Hogg has not identified a "palpable defect" in the Court's previous order adopting the report and recommendation. As noted in the October 2, 2014 Order, Hogg did not file timely objections, and "[t]he failure to file objections to the report and recommendation waives any further right to appeal" the conclusions in the report and recommendation. Order 2.

---

[1] Hogg's "Objection" was filed on the docket the same day that it was received. Objection 30, ECF No. 56.

In his Objection, Hogg is not contending that he was not properly served with the report, nor does he contend that he was improperly prevented from filing objections. He has not offered any reason for not filing timely objections to the report. Accordingly, he has not identified a palpable defect in the Court's Order.

But even addressing the merits of Hogg's claims, he still has not identified a palpable defect. Instead, he continues to assert the same claims and arguments that he has already presented—two of which the Sixth Circuit has already denied on direct appeal. *See United States v. Hogg*, 525 F. App'x 327 (6th Cir. 2013) (rejecting Hogg's claim that the Sentencing Guidelines are unconstitutional and that his sentence was substantively and procedurally unreasonable.).

A fair reading of his Objection indicates eight ineffective assistance claims, all of which have already been presented to this Court and denied. Hogg claims that his counsel was ineffective because he:

- did not object to the Sentencing Guidelines as unconstitutional;
- did not object to the sentence as substantively and procedurally unreasonable;
- did not object to Hogg's classification as a career offender;
- did not object to the prosecutor's misconduct;
- did not object to the use of the old 100-to-1 crack cocaine law at sentencing;
- did not object to the introduction of 404(b) evidence;
- did not object to the removal of jurors during voir dire; and
- did not object to the improper jury instructions.

Obj. Hogg also claims that the indictment was defective under *United States v. Alleyne*, 133 S.Ct. 2151 (2013) because it did not allege, and the jury never found, the quantity of crack cocaine he sold. Obj. 2.

All of these arguments were previously presented to this Court and rejected. Thus, the motion indicates only Hogg's disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g., Simmons v. Caruso*, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

Accordingly, it is **ORDERED** that Hogg's Motion for Reconsideration (ECF No. 56) is **DENIED**.

                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

Dated: October 14, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Dehaven Lapriest Hogg #45889039 at Big Spring Federal Correctional Institution, Inmate Mail/Parcels, 1900 Simler Ave, Big Spring, TX 79720 first class U.S. mail on October 14, 2014.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS