UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 11-20220
                                              Honorable Thomas L. Ludington

DEHAVEN LAPRIEST HOGG,

        Defendant.

_____/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

Defendant Dehaven Lapriest Hogg was found guilty by jury of four counts of distribution of cocaine base on December 12, 2011. ECF No. 21. On May 23, 2012, he was sentenced to 262 months imprisonment. ECF No. 33 at PageID.101.

On October 2, 2014, Defendant's motion to vacate his sentence per 28 U.S.C. § 2255 was denied on the merits. ECF No. 54. Defendant has now filed a motion for compassionate relief due to COVID-19. ECF No. 75. For the following reasons, his motion will be denied with prejudice.

**I.**

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A) which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. §3582(c)(1)(A).

The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the BOP. Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. §3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

**A.**

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

Defendant argues, and the Government does not contest, that Defendant has satisfied his obligation to exhaust his administrative rights. ECF No. 75 at PageID.802-03; ECF No. 76 at PageID.826. Defendant provided a letter from the BOP denying Defendant's administrative request for compassionate release. ECF No. 75-3 at PageID.810. As Defendant has exhausted his administrative rights, the Court may determine whether Defendant is entitled to a sentence reduction.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. §3553(a). They are as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…

(5) any pertinent policy statement…

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

Defendant's underlying offenses are four counts of distributing cocaine base. ECF No. 33. Drug-related offenses are serious, and Defendant has only served approximately 37% of his 262-month sentence. ECF No. 76 at PageID.819. Additionally, this was not his first drug-related offense. According to his Presentence Investigation Report, he had a prior offense for use of marijuana in 1996 and delivery of cocaine in 1996 and 2007. Furthermore, as explained below in Section I.C.2., Defendant poses a danger to others and the community due to his history of violent offenses. Though Defendant represents that he "would likely seize the opportunity [for release]

- 3 -

and make the best of it," his criminal history of multiple and regular criminal offenses indicates otherwise. ECF No. 75 at PageID.805.

A consideration of the §3553 factors indicates that Defendant is not entitled to a sentence reduction.

### C.

The next inquiry to be resolved in addressing Defendant's motion for compassionate release is whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13 which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. 1B1.13. Defendant's situation does not present extraordinary and compelling reasons for a sentence reduction. Additionally, he has not demonstrated that he is not a danger to the safety of others.

### 1.

The commentary of the policy statement provides additional guidance about which circumstances qualify as having extraordinary and compelling reasons. It provides in relevant part:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.--

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is--

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.--

(i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

Defendant argues that the spread of COVID-19 throughout the nation qualifies as a compelling and extraordinary circumstance. ECF No. 75 at PageID.801. However, Defendant does

not explain how his argument fits within U.S.S.G. § 1B1.13. Though COVID-19 could be considered compelling and extraordinary in the context of a public health situation, Defendant has not explained how COVID-19 is compelling and extraordinary in the context of specific parameters of U.S.S.G. § 1B1.13.

Defendant's situation does not qualify as "compelling and extraordinary" under subsection (A) of the policy statement commentary. He represents that he has thyroidism for which he took radiation treatment, and he states that the treatment has "seriously compromised" his immune system. ECF No. 75 at PageID.804. In addition, Defendant represents that he is hypoglycemic. *Id*. While he "may not be more likely . . . to contract COVID-19," being hypoglycemic may make him "more likely to experience serious complications from it." *Id*. However, he does not represent that thyroidism or being hypoglycemic is a terminal illness. He only seeks relief based on the possibility of contracting COVID-19. Nor does he allege that he suffers from a serious physical or medical condition or a serious functional or cognitive impairment that prevents him from providing self-care. He identifies COVID-19 as a health threat, but the U.S.S.G. policy statement does not provide relief based on potential health risks. Instead, a defendant must have an actual medical condition or a terminal illness.

Defendant's situation does not qualify as "compelling and extraordinary" under subsection (B) of the policy statement commentary because he is 45 years old. Additionally, he does not qualify under subsection (C) because Defendant has not shown that a current caregiver of his children is incapacitated or that he would be a caregiver as described in the policy statement. He argues that he should be released to provide general familial support because "absentee fathers are perfectly capable of becoming attentive and caring grandfathers." ECF No. 75 at PageID.805. While his statement may be true, the policy statement makes no mention of general support.

Defendant has not demonstrated that "compelling and extraordinary" circumstances exist meriting his compassionate release.

**2.**

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would not be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C.A. § 3142.

Consideration of the above factors support the conclusion that Defendant would be a danger to others and the community if released. According to his Presentence Investigation Report, he was convicted of carrying a concealed weapon in 1997. Defendant resisted an officer in 1995 and evaded police in 2011. In 2002, Defendant was provided conditional release, failed to return to his place of imprisonment within the time agreed per his conditional release, and was resultantly considered an escapee.

- 8 -

Defendant's repeated criminal offenses, especially those of a violent nature, demonstrate that Defendant would be a danger to others and the community.

**II.**

Accordingly, Defendant's Motion for Compassionate Release, ECF No. 75, is **DENIED WITH PREJUDICE**.


Dated: August 14, 2020                                s/Thomas L. Ludington
                                                                          THOMAS L. LUDINGTON
                                                                          United States District Judge