UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 1:11-cr-20220

v.                                        Honorable Thomas L. Ludington
                                                  United States District Judge

DEHAVEN LAPRIEST HOGG,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

This matter is before this Court upon Defendant Dehaven Lapriest Hogg's second motion for compassionate release, ECF No. 83. As explained hereafter, his motion will be denied.

**I.**

On December 12, 2011, a jury found Defendant guilty of four counts of distribution of cocaine base ("crack"), 21 U.S.C. § 841(a)(1). ECF Nos. 20–22. In May 2012, he was sentenced to 262 months' imprisonment in an institution with a comprehensive drug-treatment program, to run consecutive to his state sentence, and six years' supervised release. ECF No. 33.

He appealed his sentence, and the Sixth Circuit Court of Appeals affirmed it in May 2013. *United States v. Hogg*, 525 F. App'x 327 (6th Cir. 2013) (unpublished). One year later, he filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was also denied on Magistrate Judge Patricia T. Morris's recommendation. *United States v. Hogg*, No. 11-20220, 2014 WL 4965963, at *1 (E.D. Mich. Oct. 2, 2014). Defendant filed a motion for reconsideration of that denial, which was also denied. *United States v. Hogg*, No. 11-CR-20220, 2014 WL 5147510, at *1 (E.D. Mich. Oct. 14, 2014).

Defendant requested leave to file a second motion to vacate his sentence, which the Sixth circuit denied in March 2017. ECF No. 63. He requested leave again, which the Sixth circuit denied in March 2018. ECF No. 65. Six months later, he filed a motion for relief from the judgment of his conviction under Federal Rule of Civil Procedure 60(b), ECF No. 66, which was denied in November 2018, ECF No. 67. Defendant sought a certificate of appealability to appeal that denial, which the Sixth Circuit denied in February 2019. ECF No. 72.

In June 2020, Defendant filed a motion for compassionate release, which was denied two months later and affirmed on appeal ten months later. *United States v. Hogg*, No. 11-20220, 2020 WL 4734908, at *1 (E.D. Mich. Aug. 14, 2020), *aff'd*, 858 F. App'x 816 (6th Cir. 2021).

Before this Court now is Defendant's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)—the tenth attempt to reduce his sentence to some extent. ECF No. 83. The Government opposes his Motion. ECF No. 85.

As explained below, Defendant's second Motion for Compassionate Release will be denied because he has demonstrated neither (1) an extraordinary and compelling reason for release, nor (2) that the factors set forth in 18 U.S.C. § 3553 warrant release.

**II.**

A motion for compassionate release under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, this Court may deny the compassionate-release motion without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.

#### A.

The first issue is whether, before filing his Motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

Defendant requested compassionate release from the BOP on January 20, 2022. *See* ECF No. 83 at PageID.897. Accordingly, Defendant has exhausted his administrative remedies with the BOP. *See* 18 U.S.C. § 3582(c)(1)(A).

#### B.

The next question is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See Jones*, 980 F.3d at 1108. Although Congress did not define "extraordinary and compelling reasons," the United States Sentencing Commission has identified several "extraordinary and compelling" reasons. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13

cmt. n.1 (U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). Recently, the Sixth Circuit endorsed a textual analysis requiring courts to apply the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that when § 3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," and "compelling" meant "forcing, impelling, driving." (cleaned up) (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling," as that language is commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant advances three reasons for compassionate release: (1) a sentencing error, (2) COVID-19, (3) his two underlying health conditions, and (4) his institutional adjustment. ECF No.

83 at PageID.871–78. Whether considered independently or in combination, those reasons are neither extraordinary nor compelling.

i.

Defendant's reliance on a sentencing error and his health conditions is misplaced. He did not raise either of those issues in his request for compassionate release to the BOP. *See* ECF No. 83 at PageID.897 ("[D]o to the new delta and omicron variant. [I] would like you to put me for compassionate release.").

"This Court may consider arguments not presented to the BOP." *United States v. Hopkins*, No. 1:18-CR-20166, 2022 WL 187770, at *2 (E.D. Mich. Jan. 19, 2022) (first citing *United States v. Hart*, No. 1:13-cr-20194, 2021 U.S. Dist. LEXIS 200655, at *3 (E.D. Mich. Oct. 19, 2021); then citing *United States v. De La Cruz*, No. 1:18-cr-20316-02, 2021 U.S. Dist. LEXIS 197763, at *3 (E.D. Mich. Oct. 14, 2021); and then citing *United States v. Curney*, No. 1:15-cr-20314, 2021 U.S. Dist. LEXIS 192581, at *4 (E.D. Mich. Oct. 5, 2021)). But the purpose of § 3582(c)(1)(A)'s exhaustion requirement is to ensure the BOP can consider an inmate's request first. *See United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020). The BOP has not yet had the opportunity to consider whether Defendant's purported sentencing error or his health conditions justify releasing him or reducing his sentence. That designation is not a circumstance exigent enough to remove the BOP from the equation. *See Curney*, 2021 U.S. Dist. LEXIS 192581, at *4.

Because Defendant did not exhaust the issue with the BOP, his "erroneous career offender designation" will not be considered.

ii.

Defendant cites the COVID-19 pandemic as an extraordinary and compelling reason for release from prison. ECF No. 83 at PageID.873–76, 881–84, 897.

The CDC maintains that the COVID-19 vaccines "are highly effective at preventing severe disease and death, including against the Delta variant." *See Delta Variant: What We Know About the Science*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html [https://perma.cc/C8SK-RJAA]. Similarly, the CDC states that the "[c]urrent vaccines are expected to protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant." *Omicron Variant: What You Need to Know*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html [https://perma.cc/SVG4-XQM8].

Despite its adverse effects on Michigan's prisoners, several courts have found that COVID-19 is neither extraordinary nor compelling for purposes of § 3582(c)(1)(A). *United States v. Burlingame*, No. 1:15-CR-20042, 2021 WL 5198510, at *4 (E.D. Mich. Nov. 9, 2021); *see United States v. Bell*, No. 18-20127, 2021 WL 4148251, at *2 (E.D. Mich. Sept. 13, 2021); *United States v. Swarn*, No. 2:14-CR-20599-7, 2021 WL 4077344, at *2 (E.D. Mich. Sept. 8, 2021); *United States v. Proge*, No. 2:12-CR-20052-06, 2021 WL 3857440, at *1 (E.D. Mich. Aug. 30, 2021) ("Nothing about the Delta variant changes the fact that Defendant's 'vaccination status renders his fear of COVID-19 a non-compelling reason to grant him release.'" (quoting *United States v. Wilson*, No. 16-20081, 2021 WL 3417917, at *3 (E.D. Mich. Aug. 5, 2021)). Plus, the Sixth Circuit Court of Appeals has emphasized that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (quoting *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021)).

Defendant proffers no reason to depart from that wisdom. And Defendant has already been vaccinated against COVID-19, and he has received a booster. ECF No. 83 at PageID.883. Accordingly, Defendant has not demonstrated that COVID-19 is extraordinary or compelling.

### iii.

Similarly, Defendant's reasons, taken in concert, do not support a sentence reduction. *Lemons*, 15 F.4th at 747 ("[T]he combination of grounds for release, none of which independently supports a sentence reduction, does not collectively 'entitle a defendant to a sentence reduction.'" (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021))); *see also United States v. Hunter*, 12 F.4th 555, 563 n.3 (6th Cir. 2021) (declining to determine "how the combination of the factors compounded the reasons for" a sentence reduction when the factors included a non-retroactive change in sentencing law, facts that existed at sentencing, and the defendant's rehabilitation); *United States v. McKinnie*, 24 F.4th 583, 589 (6th Cir. 2022) ("[T]he district court acted within its discretion by declining to find that these aggregate considerations necessitated a sentence modification." (citing *Lemons*, 15 F.4th at 749)).

Therefore, Defendant has not demonstrated an extraordinary or compelling reason for a sentence reduction.

### C.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

Ordinarily, this Court would decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A)

is lacking and do not need to address the others."). But to be thorough, this Court will consider the § 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
> > . . . .
> (5) any pertinent policy statement—
> > . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions." (internal quotation marks omitted)). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotations marks omitted). Ultimately, the burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction").

Defendant's case is not compelling. Defendant addressed the § 3553 factors. *See* ECF No. 83 at PageID.886. But this Court has already denied compassionate release for Defendant after considering the § 3553(a) factors, including the nature of Defendant's offense, which was affirmed on appeal. *United States v. Hogg*, No. 11-20220, 2020 WL 4734908, at *4 (E.D. Mich. Aug. 14, 2020), *aff'd*, 858 F. App'x 816 (6th Cir. 2021). Defendant has not sufficiently demonstrated any flaw in that analysis.

Defendant is dangerous, and his lengthy sentence was necessary to protect the public. *See* 18 U.S.C. § 3553(a)(2)(C). In denying his first compassionate-release motion, this Court considered the § 3553 factors and expressly stated that his sentence was necessary to protect the public because he poses a danger to others and the community due to his history of violent offenses. *Hogg*, 2020 WL 4734908, at *4.

Defendant's long remaining sentence weighs heavily against release. The Sixth Circuit has repeatedly affirmed denials of compassionate release under § 3553(a) when the defendant has a long-remaining sentence, even recently. *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020); *see United States v. Kincaid*, 802 F. App'x 187, 188–89 (6th Cir. 2020) (unpublished); *United States v. Austin*, 825 F. App'x 324, 326 (6th Cir. 2020) (unpublished); *see also United States v. Kincaid*, 805 F. App'x 394, 395–96 (6th Cir. 2020) (unpublished) ("[W]e don't think [the defendant] raises a close question."). This is because the original sentence already reflects the district court's evaluation of "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law" under § 3553(a)(2)(A). *Kincaid*, 802 F. App'x at 188; *accord Ruffin*, 978 F.3d at 1008. The same remains true here.

Defendant was sentenced to 262 months' imprisonment for his serious crimes, and as he concedes, he has barely served half of that sentence. *See* ECF No. 83 at PageID.887. Indeed, he has more than nine years remaining in prison. *See id.* at PageID.899.

The plain language of the compassionate-release statute makes the point even more directly: the defendant's reasons for release must "warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). That inquiry depends, at least in part, on the time remaining on Defendant's sentence, requiring him to justify the magnitude of his requested sentence reduction. *Id.* In this way, Defendant must show that his reasons for release are so powerful that they "warrant" a nine-year "reduction." *See id.*; *Ruffin*, 978 F.3d at 1008.

And considering the danger posed by his early release, Defendant's record casts significant doubt on whether he would abide by the release conditions and social-distancing protocols that could diminish his risk of contracting COVID-19 if released from custody. Given his underlying offense and lengthy history of violence, it is unlikely that he would abide by release restrictions and is, thus, more likely than most to expose himself and others to COVID-19.

Defendant's Motion is well written. However, a sentence reduction is not warranted at this time. Given the seriousness of his underlying offense, his criminal history, his violent tendencies, and the "need to afford adequate deterrence," *see* 18 U.S.C. § 3553(a), Defendant should continue to serve his sentence.

For these reasons, Defendant has not carried his burden to convince this Court that his § 3553(a) analysis would be different today; the § 3553(a) factors do not warrant a sentence reduction. *See* Alyssa C. Hennig, Note, *An Examination of Federal Sentencing Guidelines' Treatment of MDMA ("Ecstasy")*, 1 BELMONT L. REV. 267, 272 (2014) ("Section 3553(a)(2)

requires that a defendant's sentence be 'sufficient, *but not greater than necessary*.'" (quoting 18 U.S.C. § 3553(a))). Consequently, his Motion will be denied.

## IV.

Accordingly, it is **ORDERED** that Defendant's Motion to Reduce Sentence, ECF No. 83, is **DENIED WITH PREJUDICE**.

Dated: March 22, 2022                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge