UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                   Plaintiff,                          Case No. 1:11-cr-20220

v.                                               Honorable Thomas L. Ludington
                                                 United States District Judge

DEHAVEN LAPRIEST HOGG,

                   Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COUNSEL**

This matter is before this Court upon Defendant Dehaven Lapriest Hogg's *pro se* Motion for Appointed Counsel. ECF No. 92. The Motion will be denied because counsel is not warranted to file a motion for compassionate release.

On December 12, 2011, a jury found Defendant guilty of four counts of distribution of crack, 21 U.S.C. § 841(a)(1). ECF Nos. 20–22. In May 2012, he was sentenced to 262 months' imprisonment in an institution with a comprehensive drug-treatment program, to run consecutive to his state sentence, and six years' supervised release. ECF No. 33.

He appealed his sentence, and the Sixth Circuit Court of Appeals affirmed it in May 2013. *United States v. Hogg*, 525 F. App'x 327 (6th Cir. 2013) (unpublished). One year later, he filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was also denied on Magistrate Judge Patricia T. Morris's recommendation. *United States v. Hogg*, No. 11-20220, 2014 WL 4965963, at *1 (E.D. Mich. Oct. 2, 2014). Defendant filed a motion for reconsideration of that denial, which was also denied. *United States v. Hogg*, No. 11-CR-20220, 2014 WL 5147510, at *1 (E.D. Mich. Oct. 14, 2014).

Defendant requested leave to file a second motion to vacate his sentence, which the Sixth Circuit denied in March 2017. ECF No. 63. He requested leave again, which the Sixth Circuit denied in March 2018. ECF No. 65. Six months later, he filed a motion for relief from the judgment of his conviction under Federal Rule of Civil Procedure 60(b), ECF No. 66, which was denied in November 2018, ECF No. 67. Defendant sought a certificate of appealability to appeal that denial, which the Sixth Circuit denied in February 2019. ECF No. 72.

In June 2020, Defendant filed a motion for compassionate release, which was denied two months later and affirmed on appeal ten months later. *See United States v. Hogg*, No. 11-20220, 2020 WL 4734908 (E.D. Mich. Aug. 14, 2020), *aff'd*, 858 F. App'x 816 (6th Cir. 2021) (unpublished).

In February 2022, Defendant filed his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), ECF No. 83, which was denied on March 22, 2022, *see generally United States v. Hogg*, No. 1:11-CR-20220, 2022 WL 851719 (E.D. Mich. Mar. 22, 2022). He appealed that denial as well, ECF No. 89, which was affirmed by the Sixth Circuit nearly six months later, ECF Nos. 90; 91.

Eleven days after the Sixth Circuit affirmed the denial of his second motion for compassionate release, Defendant filed a motion "to appoint [him] an attorney for 3582 motion for reduction of sentence due to the ruling in Taylor, Ruan, Bruen and the fact that other defendant or people have received lesser time with similar cases as [his]." ECF No. 92 at PageID.962. The imminent motion would be his twelfth attempt to reduce his sentence in some way.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967).

The Supreme Court has held that prisoners' postconviction right to counsel extends to only the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

The decision to appoint counsel is within the discretion of the court, and courts should appoint counsel only when the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner (1) could not obtain justice without an attorney, (2) could not obtain a lawyer on his own, and (3) would have a reasonable chance of winning with the assistance of counsel. *United States v. Curney*, 581 F. Supp. 3d 910, 911 (E.D. Mich. 2022) (citing *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002)); *accord United States v. Wright*, No. 1:20-CR-20378, 2022 WL 619648, at *1 (E.D. Mich. Mar. 2, 2022) (same).

Defendant has not shown that appointment of counsel is warranted. He argues he needs counsel to file a motion for compassionate release under the First Step Act. *See* ECF No. 92. But such a motion does not warrant appointed counsel. *See Curney*, 581 F. Supp. 3d at 912 (citations omitted) (holding that "seeking compassionate release does not involve complex facts or legal doctrines that would prevent [defendants] from effectively bringing the motion on [their] own behalf"); *Wright*, 2022 WL 619648, at *1 (same for First Step Act motions). And Defendant has provided no explanation for his request.

Accordingly, it is **ORDERED** that Defendant's Motion for Appointed Counsel, ECF No. 92, is **DENIED**. Defendant may file a compassionate-release motion without counsel.

Dated: September 21, 2022     s/Thomas L. Ludington
               THOMAS L. LUDINGTON
               United States District Judge